**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **OCEANOGRAFIA S.A. de C.V.** | * | **CIVIL ACTION NO. 10-588** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **ADAMS OFFSHORE, LTD.** | * | |
| | * | **MAGISTRATE** |
| | * | |

**VERIFIED COMPLAINT**

COMES NOW, through undersigned counsel, plaintiff, Oceanografia S.A. de C.V. ("OSA"), and, for its Verified Complaint against defendant, Adams Offshore, Ltd., avers with respect as follows:

I.

Plaintiff, Oceanografia, S.A. de C.V. ("OSA"), is a corporation organized and existing under the laws of Mexico, which maintains its principal place of business in Ciudad del Carmen, Mexico.

II.

Defendant, Adams Offshore, Ltd., is, upon information and belief, a corporation organized and existing under the laws of Bermuda.

III.

The jurisdiction of this Honorable Court is based on 28 U.S.C. 1333; the claims are maritime claims within the meaning of Rule 9(h) of the Federal Rules of civil Procedure.

VI.

In and around July 2009, a valuable saturation-diving system and related components (globally, the "Equipment") belonging to OSA was aboard the vessel BOLD ENDURANCE, in the Port of Mobile, Alabama.

VII.

As defendant knew, the Equipment had been attached and arrested by McDermott Gulf Operating Company, Inc. and Secunda Marine Services Company, Inc. under Rules B and C, respectively, of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. This was accomplished by McDermott and Secunda through the filing of an action bearing civil action number 09-206 on the docket of this Court.

VIII.

OSA challenged the arrest and attachment as improper and fundamentally unfair. After extensive briefing and due proceedings, the Court granted OSA's Motion to vacate the arrest and the attachment. The grounds for the *vacatur* are public record and were and are known by defendant.

IX.

Among other reasons detailed by the Court, the attachment was vacated on grounds that the Equipment should never have been in Mobile; that it was in Mobile illegitimately and against the will of its owner OSA; that it was in Mobile only because of the outrageous and unlawful misconduct of McDermott; that the Equipment was already under seizure in Mexico

pursuant to a still extant prior order of the Mexican government, impounding the Equipment in the state of Campeche; that McDermott flouted the Mexican seizure under which the Equipment should have remained in Mexico; that, in blatant disregard of the Mexican seizure order, McDermott fled Mexico with the Equipment unlawfully aboard its vessel; and that McDermott brought the Equipment to Mobile for the improper purpose of facilitating an attachment in McDermott's preferred forum.

X.

The Court also vacated McDermott's arrest of the Equipment on grounds that McDermott clearly lacked a Maritime lien over the Equipment.

XI.

Soon after the Court entered its Order vacating the arrest and attachment, McDermott filed a motion for a stay pending appeal. In another thorough and well-reasoned order, the Court denied the stay request. In this order, the Court explained, among other things, that OSA would likely suffer substantial damages if its Equipment were to remain under attachment in Mobile.

XII.

Soon after the Court's order denying the stay request was entered, and before OSA had an opportunity to remove the Equipment from the Port of Mobile, the defendant herein attached the Equipment under Rule B in its own right. On June 25, 2009, defendant, Adams Offshore, Ltd., initiated this new attachment through the filing of its lawsuit, styled "Adams

Offshore, Ltd. v. Con-Dive, LLC," et. al., bearing civil action no. 09-cv-00378 on the docket of this Court.

### XIV.

This new attachment by defendant was wrongful and in bad faith.  At the time the attachment was made, defendant was fully aware the Equipment had been adjudged to be present in Mobile only through improper and unlawful conduct in derogation of OSA's rights and in violation of the prior order impounding the Equipment in Mexico.  Defendant was aware that the prior attachment of the Equipment had been vacated as wrongful and inequitable.  Defendant also knew that its attachment of the Equipment in Mobile would cause substantial losses to OSA.  As a matter of public record, the Court had already explained that, if the Equipment remained under attachment in Mobile, substantial losses to OSA would likely accrue.  In attaching the Equipment nonetheless, defendant acted wrongfully, in bad faith, and in reckless and willful disregard of OSA's rights.

### XV.

The illegitimacy of defendant's attachments became further evident during efforts to remove the Equipment from the vessel BOLD ENDURANCE at Mobile.  As those efforts got underway, it became apparent that the Equipment had not been permitted by U.S. Customs authorities to formally enter the United States.  Because McDermott brought the Equipment to Mobile unlawfully, it lacked the requisite paperwork to present to the Customs authorities.

XVI.

Because the Equipment could not be lawfully entered into the United States, it was offloaded into a customs facility for property not permitted to enter the country.   On information and belief, OSA's Equipment remains in limbo status at that facility to this day.

XVII.

As a consequence of the defendant's wrongful attachments of the Equipment, OSA has suffered substantial damages.  These damages consist of, among other things, the loss of revenues that OSA would have earned but for the defendant' misconduct in an amount presently estimated as being in excess of $10 million; physical damage incurred to the Equipment; punitive damages; and attorney's  fees, interest and costs.

WHEREFORE, the premises considered, OSA respectfully prays that:

1.    This Verified Complaint be served upon defendant, along with a summons directing it to answer the allegations set forth herein;

2.    That, after due proceedings had, there be judgment in favor of OSA and against defendant awarding OSA its full damages, plus punitive damages, its reasonable attorney's fees, interest and costs; and

3.    That OSA be granted such other relief as it is entitled to receive in law or equity.

Respectfully submitted,

  /s/   Alfred J. Rufty III
Alfred J. Rufty III (La. Bar #19990)
Harris & Rufty, LLC
650 Poydras Street, Suite 2710
New Orleans, LA 70130
Telephone:  (504) 525-7500
Facsimile:  (504) 525-7222
Email:  ajr@harrisrufty.com
Attorneys for Plaintiff, Oceanografia S.A. de C.V.

5

**PLEASE SERVE:**
ADAMS OFFSHORE, LTD.