IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OCEANOGRAFIA S.A. de C.V., )
)
    Plaintiff, )
)
v. ) CIVIL ACTION 10-0588-WS-B
)
ADAMS OFFSHORE, LTD., )
)
    Defendant. )

## ORDER

This matter is before the Court on the motion of the plaintiff ("OSA") to consolidate. (Doc. 12). The defendant ("Adams") filed a response, (Doc. 14), OSA declined the opportunity to file a reply, (Doc. 13), and the motion is ripe for resolution. OSA filed a parallel motion in the other case ("*McDermott*"), to which the *McDermott* defendants responded without reply from OSA.

## BACKGROUND

The *McDermott* defendants procured the attachment and arrest of certain specialized diving equipment ("the Equipment") in a separate proceeding. On OSA's motion, the Court vacated both. Vacation of the arrest was based on the lack of a maritime lien as required by Rule C(1)(a). Vacation of the attachment was based on the Court's determination that the *McDermott* defendants engaged in inequitable conduct warranting vacation.

The Court's order vacating attachment and arrest was entered on May 29, 2009. On June 26, 2006, Adams procured attachment of the Equipment, which remained in the District pending the Court's ruling on the *McDermott* defendants' motion for stay pending appeal. That motion was denied on June 29, 2009. In August 2010, OSA moved

[1]

to vacate Adams' attachment and the later attachments of two intervenors. The Court granted these motions and vacated the attachments in September 2010.

In April 2010, shortly after the Eleventh Circuit affirmed the Court's vacation of the *McDermott* defendants' arrest and attachment, OSA filed the *McDermott* action, accusing the *McDermott* defendants of wrongful attachment, wrongful arrest and conversion. In October 2010, OSA filed this action against Adams, alleging wrongful attachment.

## DISCUSSION

Consolidation under Rule 42(a) requires that the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). OSA insists the two actions are factually and legally "entangle[d]," but it has to stretch to make this assertion. (Doc. 33 at 2).

First, OSA notes that both suits involve claims for wrongful attachment. (Doc. 33 at 2). Simply bringing the same cause of action against two defendants cannot possibly satisfy Rule 42(a), else a plaintiff's suits against two former employers would support consolidation merely because the plaintiff alleges that both defendants violated Title VII by firing her based on sex discrimination. "[T]he mere fact that two cases assert similar theories of recovery does not constitute a 'common question of law' so as to warrant consolidation." *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993) (emphasis omitted).

Second, OSA argues that both actions "will involve common predicate facts and issues concerning the unlawful means by which the [Equipment] was brought to Mobile." (Doc. 33 at 2-3). Actually, no. The *McDermott* action identifies the *McDermott* defendants' wrongful conduct as being their taking the Equipment out of Mexican waters in defiance of a Mexican governmental order seizing the Equipment, not declaring the Equipment to Mexican customs authorities, not disclosing the Mexican order to the Court when seeking attachment and arrest, and misrepresenting to the Court that they had a

maritime lien on the Equipment. The *McDermott* action, then, does implicate facts and issues concerning the means by which the Equipment was brought to Mobile.

In this action, in contrast, the complaint expressly identifies the circumstances that rendered the attachment wrongful as being that Adams, when it sought and received attachment, was aware that the Court had already entered an order finding the *McDermott* defendants' attachment inequitable and its arrest unsupported by a maritime lien, yet proceeded in the face of that order. (Doc. 1 at 4). OSA confirms in its motion to consolidate that this is the extent of its theory against Adams. (Doc. 33 at 3-4). The actual circumstances leading to the *McDermott* defendants' arrest and attachment are thus, by OSA's own allegations, irrelevant to Adams' liability vel non in this action and cannot constitute a common question of law or fact.

Third, and in a related vein, OSA argues that both cases "involve the question of what qualifies as bad-faith conduct sufficient to warrant liability in wrongful attachment." (Doc. 33 at 2). Because both cases allege wrongful attachment, both require OSA to prove bad faith.[1] As discussed above, however, the conduct that is alleged to reflect bad faith is completely different as between the two cases. Whether the *McDermott* defendants engaged in bad faith conduct is completely irrelevant to whether Adams did so, and vice versa.

Fourth, OSA argues that both cases "involve substantially common issues regarding the extent of damages suffered by OSA as a result of the wrongful seizure of [the Equipment]." (Doc. 33 at 2). This proposition is less than obvious, and OSA does not offer to explain it. The *McDermott* defendants' seizure lasted from April 13 to May 29, 2009, and the stay of the vacation order expired June 29, 2009. Adams' seizure lasted from June 26, 2009 to September 24, 2010. There is at most four days' overlap between the detention caused by the *McDermott* defendants and that caused by Adams. Whatever

---

[1] *Furness Withy (Chartering), Inc. v. World Energy Systems Associates*, 854 F.2d 410, 411 (11th Cir. 1988).

[3]

marginal commonality might actually exist under these circumstances, OSA's failure to articulate it precludes its consideration on motion to consolidate.

That leaves OSA to rely on the unremarkable fact that the same Equipment was attached in both cases. (Doc. 33 at 2). This is a bit like saying consolidation of two traffic accident cases is appropriate because the same car was hit both times.

"[A] common issue of law or fact is a prerequisite to consolidation …." *Enterprise Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994). Because OSA has identified none, consolidation would constitute an abuse of discretion. *Id*.

Even had OSA surmounted this initial hurdle, "[a] district court's decision under Rule 42(a) is purely discretionary." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). *Hendrix* lists a number of factors to consider, *id*., but OSA invokes only the overlap of its witnesses as to damages. (Doc. 33 at 3).[2] OSA provides insufficient information to allow the Court to conclude that there many such witnesses exist or that using them in two lawsuits rather than one would greatly inconvenience it. On the other hand, Adams points out that, because the suit against it does not require exploration of the actual events preceding and accompanying the *McDermott* defendants' arrest and attachment (which form the heart of *McDermott*), it would be prejudiced both by having to spend considerable money and other resources participating in discovery unrelated to the suit against it and by having to sit through a protracted joint trial spent largely on the essentially unrelated *McDermott* case. (Doc. 14 at 2, 4-5). Especially given the attenuated nature of the connection between the two cases, Adams' concern is of greater significance and would cause the Court to reject consolidation even had OSA demonstrated the existence of a common question of law or fact.[3]

---

[2] OSA also asserts there will be common witnesses concerning the *McDermott* defendants' conduct but, as discussed in text, the *McDermott* defendants' actual conduct is not relevant to this action as pleaded by OSA.

[3] *See In re: Repetitive Stress Injury Litigation*, 11 F.3d 368, 374 (2nd Cir. 1993) ("A party may not use aggregation as a method of increasing the costs of its adversaries … by forcing them
(Continued)

[4]

For the reasons set forth above, OSA's motion to consolidate is **denied**.

DONE and ORDERED this 11th day of February, 2011.

/s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

to participate in discovery or other proceedings that are irrelevant to their case."); *accord Harry and David v. ICG America, Inc*., 2010 WL 3522982 at *1 (D. Or. 2010).